Perry, Ad'r v. Field.

40  175
63  224

## PERRY AD'R V. FIELD.

ADMINISTRATION: *Claim for education of child of deceased: Non-claim.*

Dawson died leaving a will in which he provided that his daughter should be educated out of the assets of his estate. Afterwards Wilson, the executor and also guardian of the daughter, executed to Field a note for $77.00 signed "C. R. Wilson guardian for Miss Alice Dawson." It was for expenses of her education. Field afterwards presented the note to the Probate Court for allowance against Dawson's estate in the presence of Perry, who had become Administrator d. b. n., and it was allowed and ordered to be paid by the administrator. Perry made no objections and no appeal. He afterwards filed a petition in the Circuit Court for certiorari to quash the allowance, upon the ground, *inter alia,* 1st That the note was not a claim against the estate, but was a debt against the guardian. 2d That it was barred by the statute of non-claim. 3d That the Probate court had no jurisdiction—the note not being a claim against the estate but against the guardian. HELD: That the Probate court could look back of the note to its consideration, and that being for the expenses of the daughter's education as provided by the will, the statute of non-claim had no application, and the Probate court had jurisdiction to allow the claim against the estate, and its judgment was not void and quashable on *certiorari.*

APPEAL from *Yell* Circuit Court.

HON. H. S. CARTER, Special Judge.

*W. N. May*, for appellant.

The claim was barred by the statute of non-claim. The claim was one against the guardian of a minor and not against the estate of Dawson. It was never presented to the administrator for allowance; nor was any notice given him; nor did he enter his appearance, so as to give him the right of appeal. Hence, the Probate court had no jurisdiction and the judgement should have been quashed. 12 *Ark.*, 95; 25 *Ib.*, 420; 38 *Ib.*, 159; 6 *Ib.*, 147; 14 *Ib.*, 234; 17 *Ib.*, 533-567; 18 *Ib.*, 334; *Gantt's Digest, Sec.* 4738 *and Secs.* 98 *to* 116 *inclusive.*

*Thomas Boles*, for appellee.

This claim was for money and clothing, &c., advanced for the testators daughter while at school, as provided for by the will, and in accordance with *Sec.* 120 *Gantt's Digest.* See *Williams on Excutors*, 1408-12; *North's Probate Practice, p.* 124 *&* 199. The statute of non-claim does not apply, and no notice or presentation was necessary, as this was an *advancement* under the will, and the action of the Probate court is *conclusive* unless appealed from. *Smith's Probate Law, p.* 235; 34 *Arks.*, 210.

ENGLISH, C. J. On the 17th day of July, 1880, James K. Perry as administartor with the will annexed, of the estate of Wm. H. Dawson, deceased, presented to the Circuit Court of Yell County, for the Dardanelle District, a petition for certiorari, to the clerk of the Probate Court of said County. The purpose of the petitioner was to have quashed a judgment of the Probate Court against the estate of Dawson in favor Silas F. Field. The petitioner did not exhibit with his petition, in accordance with the established practice, an authenticated transcript of the record of the proceedings and judgment of the Probate Court, which he sought to quash. From the allegations of the petition and

papers copied in it, and statements of the Probate clerk made exhibits, the following facts appear:

William H. Dawson, of Yell county, died on the 11th of November 1868, leaving a will, by which he appointed his wife, Mary A, Dawson, executrix, and Curtis R. Wilson, executor, and provided, among other thing, for the education of his daughter Alice, at the Catholic Convent of Little Rock, at the expense of his estate. On the 12th of January, 1869, the will was probated, the executrix and executor qualified and issued the statute notice to creditors and took charge of the estate. In December, 1869, Mrs. Dawson intermarried with Lewis C. White and thereby ceased to be executrix. Curtis R. Wilson continued to act as sole executor, and managed the estate until the 15th of April, 1875, when his letters were revoked, and James K. Perry was appointed administrator of the estate, with the will annexed.

It appears that Alice Dawson was sent to the Convent to be educated, as provided by her father's will.

On the 10th of May, 1873, when Curtis R. Wilson was acting as executor, and it seems, guardian of Alice Dawson, he executed to Silas F. Field the following note:

$77.73.                    DARDANELLE, May 19th, 1873.

One day after date I promise to pay to the order of Silas F. Feild, as surviving partner of Feild & Dolley, Seventy-seven 73-100 Dollars, for value received, with interest at the rate of 10 per cent. per annum from date until paid.

C. R. WILSON,
Guardian Miss Alice Dawson.

About the 15th of October, 1877, the note was sent to W. D. Jacoway, Esq., an attorney at Dardenelle, for collection, who attached to the note a statement of the principal and interest due upon it, verified by the following affidavit:

"STATE OF ARKANSAS, ⎫
    County of Yell.  ⎬
⎭

I, W. D. Jacoway, as attorney for Silas F. Field, do solemnly swear that I have made diligent inquiry and examination touching the above claim, and that I verily believe that nothing has been paid or delivered toward the satisfaction of the same, and that the sum of one hundred and twelve dollars (the principal and interest of the note) above demanded is justly due and unpaid, and that said claim was contracted under and by virtue of the last will and testament of William H. Dawson, deceased, in the education of his daughter Alice Dawson, (now Alice Mayor) at the Catholic Convent, at Little Rock, Arkansas, and for clothing and other necessaries for said Alice, while at the said school."

This affidavit was subscribed by W. D. Jacoway, and sworn to before the clerk of the Probate Court.

On the 16th of October, 1877, the claim was filed in the office of the Clerk of the Probate Court, and the Court being in session, the following judgement of allowance was made and entered of record:

"Silas F. Field surviving partner of Field & Dolley.

v.

Estate of William H. Dawson."

Now, on this day this cause came on to be heard, and the administrator of said estate James K. Perry, being present and offering no objection to the payment of said claim, and it appearing to the satisfaction of the court here that said claim is for clothing and other necessaries furnished Alice Dawson, daughter of William H. Dawson, while attending the Catholic School in Little Rock, Arkansas, as provided under and by virtue of the last will and testament of William H. Dawson, deceased, said claim is therefore allowed and approved by the Court, and said J. K. Perry as admin-

Perry, Ad'r v. Field.

istrator, d. b. n., of the estate of William H. Dawson, deceased, is by the court here ordered to pay said claim out of the assets of said estate."

The petitioner alleged that this judgment of the Probate Court was null and void, and prayed that it be quashed on *certiorari*, on the following grounds, substantially :

1st. Because the claim on which the judgment was founded was not a claim against the estate of William H. Dawson, but a note made by Curtis R. Wilson as guardian of Alice Dawson.

2d. Because the claim was not presented to the administrator of Dawson for allowance or disallowance.

3d. Because the claim was barred by the statute of non-claim.

4th. Because the court had no jurisdiction to allow the claim against the estate of Dawson, it not having been contracted by him before his death, and was not for expenses of administration.

5th. That notice was not given to the administrator of the presentation of the claim to the Probate Court for allowance.

Upon the petition, the Circuit Court refused to award the writ of *certiorari* as prayed, and dismissed the petition, and Perry excepted to the decision and appealed to this court.

OPINION.

The claims and demands which the statute contemplates shall be exhibited to an executor or administrator, for allowance or rejection, within two years from the grant of letters are such as exist at the date of the decease, or come into existence within two years from the grant of letters of administration. *Walker v. Byers*, 14 *Ark.*, 246 ; *McCoy v. Jackson*, 21 *Ib.*, 474 *; Yarborough v. Ward*, 34 *Ark.*. 204.

The claim in question on which the judgment of the Probate Court sought to be quashed was founded, arose after

*[margin note: ADMINIS-TRATION: Claims allowable.]*

the grant of letters in the course of administration under the will, and the statute of non-claim had no application to it. It was a debt incurred for the education of the daughter of the testator under a provision of his will, which he had the right to make. No question as to the right of general creditors is presented in this case.

The note upon which the allowance was made was not binding on the estate, but the Probate Court had jurisdiction to look back of the face of the note, and to enquire into the consideration for which it was given, and to determine whether it was within the provision of the will for the education of the daughter of the testator. The Probate Court clearly had jurisdiction of the subject matter, and its judgment was not void and quashable on *certiorari*. If any error occurred in the allowance it might have been corrected on appeal to the Circuit Court.

Affirmed.